# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:08 CV 250 - R

| | |
|---|---|
| JAMES LE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss" (document #2) and "Memorandum of Law In Support . . ." (document #3) both filed June 3, 2008. The Plaintiff filed his "Response to Motion to Dismiss" (document #4) June 9, 2008. On June 10, 2008, the Defendant filed its ". . . Reply" (document #5).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendant's Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be granted for the reasons discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action was originally brought in Small Claims Court in Mecklenburg County, North Carolina for damages with respect to an item sent through the mail by the Plaintiff, and was subsequently removed to this Court. The subject Motion seeks dismissal based on sovereign

immunity and the Federal Tort Claims Act, 28 U.S.C. §2680(b), which specifically excludes any claim against the United States Postal Service "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."

Accepting the allegations of the Complaint as true, the Plaintiff purchased a computer from CompUSA for $1,018.85. Following that purchase, the Plaintiff alleges he mailed a package containing the computer to CompUSA on February 12, 2008, which CompUSA refused the next day, and that the package was never returned to him. Based on these facts, the Plaintiff argues that the Defendant Postal Service is responsible for the loss of his computer.

## II. DISCUSSION

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the United States Supreme Court's recent examination of this standard, it explained:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . . And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (internal citations omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

### B. Motion to Dismiss Claim Based on Sovereign Immunity

In his Complaint, the Plaintiff seeks compensation for the alleged loss of his computer through the mail. However, as the Defendant points out, the United States Postal Service is immune from suit except to the extent that Congress has expressly consented to waive its sovereign immunity defense. See United States v. Mitchell, 445 U.S. 535, 538 (1980). Where the United States does not waive sovereign immunity, courts do not have jurisdiction. Moreover, the Federal Tort Claims Act precludes claims for liability for the loss, miscarriage, or negligent transmission of postal matter. See 28 U.S.C. § 2680(b); accord Global Mail Ltd. v. United States Postal Service, 142 F.3d 200, 211-12 (4th Cir. 1998), citing Insurance Co. of N. Am. v. United States Postal Service, 675 F.2d 756, 758 (5th Cir. 1982).

Accordingly, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss for lack of subject matter jurisdiction be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant United States Postal Service's Motion to Dismiss (document #2) be **GRANTED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Martin K. Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: July 2, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge